# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: August 17, 2018

```
* * * * * * * * * * * * *
MERRILL SCHUMACHER,           *      UNPUBLISHED
                              *
         Petitioner,          *      No. 16-1721V
                              *
v.                            *      Special Master Gowen
                              *
SECRETARY OF HEALTH           *      Attorneys' Fees and Costs;
AND HUMAN SERVICES,           *      Special Master's Discretion.
                              *
         Respondent.          *
* * * * * * * * * * * * *
```

William Cochran, Black McLaren, et al, PC, Memphis, TN, for petitioner.
Colleen Hartley, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On December 30, 2016, Merrill Schumacher ("petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleged that she suffered from brachial neuritis and other injuries as a result of an influenza vaccine administered on or about October 23, 2015. Petition at Preamble. On June 19, 2018, I issued a decision awarding petitioner compensation based on the parties' stipulation. Decision of Special Master on Stipulation (ECF No. 45).

On August 1, 2018, petitioner filed a motion for attorneys' fees and costs. Motion for Attorney Fees and Expenses ("Pet. Motion") (ECF No. 50). Petitioner requested a total of $50,031.25 as reimbursement for attorneys' fees and $2,792.99 as reimbursement for costs. Pet. Motion at 1. Thus, petitioner requested a total of $52,824.24 as reimbursement for attorneys' fees

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version" of the decision. Id. **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

and costs. *Id.* at 10. In addition to reimbursement for counsel, petitioner also seeks reimbursement of her own out-of-pocket expenses in the amount of $42.43. *Id.* at 1.

On August 2, 2018, respondent filed a response to petitioner's motion. Respondent's Response (ECF No. 51). Respondent argued that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Further, respondent "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

Petitioner did not file a reply. This matter is now ripe for adjudication.

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(3) (1). Petitioner in this case was awarded compensation pursuant to a stipulation, and therefore he is entitled to an award of reasonable attorneys' fees and costs.

The hourly rates requested by petitioner's counsel are within the appropriate hourly rate ranges established in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) for attorneys of their experience, and they have been awarded the requested hourly rates previously. *See e.g., Damron v. Sec'y of Health & Human Servs.*, No. 17–890V, 2018 WL -------, (Fed. Cl. Spec. Mstr. August 14, 2018).

I have reviewed the billing records and invoices submitted with petitioner's motion. The billing entries reflect the nature of each task performed, the amount of time expended, and the person performing each task. The expenses incurred are well-documented and based on my experience they appear reasonable. I find no cause to adjust the time expended or the costs. Thus, the requested attorneys' fees and costs are awarded in full.

Petitioner also requested reimbursement for $42.43 of copying costs paid out-of-pocket, which is reasonable and is awarded in full. Pet. Motion at 4.

In accordance with the foregoing, petitioner's application for attorneys' fees and costs is **GRANTED**.

Accordingly, I award the following:

1) **A lump sum in the amount of $52,824.24, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable jointly to petitioner and her attorney, William Cochran, of Black McLaren, et al., PC.**[3]

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

2

2) **A lump sum in the amount of $42.43, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

In the absence of a motion for reconsideration or a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** herewith.[4]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.